UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHILOH HEAVENLY QUINE,<br><br>Petitioner,<br><br>v.<br><br>ANISSA DE LA CRUZ, Warden, et al.<br><br>Respondents. | Case No. 24-cv-01202-JST<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING HABEAS PETITION; DENYING REQUESTS FOR COUNSEL; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 7, 8, 9 |

Petitioner, an inmate at Central California Women's Facility in Chowchilla, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's request to proceed *in forma pauperis* is GRANTED. ECF No. 7. For the reasons set forth below, this petition is DISMISSED, and a certificate of appealability is DENIED.

**DISCUSSION**

A.  **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  **Petitioner's Claims**

The petition alleges that, for the past two years, prison healthcare officials have repeatedly denied Petitioner multiple medically necessary gender-affirming surgeries. Petitioner alleges that

1  these denials violate the Eighth Amendment's prohibition on deliberate indifference to an inmate's
2  serious medical needs, are discriminatory, and violate the settlement agreement in C No. 14-cv-
3  2726 JST.  Petitioner requests that the settlement agreement in C No. 14-cv-2726 JST be declared
4  moot, and that she be allowed to see a specialist doctor and receive the needed gender-affirming
5  surgeries.  *See generally* ECF No. 1.

**C.     Dismissal for Lack of Habeas Jurisdiction**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).  Where a successful challenge to a complaint related to imprisonment will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  In *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Ninth Circuit clarified that whether a claim sounds in habeas does not turn on the relief requested by the petitioner, but on "whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested" because "success in . . . [the habeas] action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 1071, 1073 (emphasis in original).

Here, habeas jurisdiction is lacking because Petitioner's claims do not challenge the validity of her confinement, nor does success on her claims legally require immediate release.  In fact, Petitioner does not seek immediate release.  Rather, she seeks certain gender-affirming surgeries and a referral to a specialist.  These claims are challenges to her conditions of confinement and should be brought in a civil rights action.  *See generally* 42 U.S.C. § 1983.  The Court DISMISSES this petition for a writ of habeas corpus for lack of jurisdiction.  The dismissal

is without prejudice to Petitioner bringing these claims in a civil rights action. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a [section] 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

## CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court GRANTS Petitioner's request to proceed *in forma pauperis*. ECF No. 7.

2. The Court DENIES as moot Petitioner's requests for appointment of counsel, as this petition has been dismissed for lack of jurisdiction. ECF Nos. 8, 9.

3. The Court DISMISSES the petition for writ of habeas corpus, and DENIES a certificate of appealability. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting the claims raised herein. The Clerk shall send Petitioner two copies of the civil rights complaint form.

4. The Clerk shall enter judgment in favor of Respondents and against Petitioner, and close the case.

This order terminates ECF Nos. 7, 8, 9.

**IT IS SO ORDERED.**

Dated: May 28, 2024

_____
JON S. TIGAR
United States District Judge